**Daniel J. GOETTELMAN**

v.

**Robert A. STRYKER and Noland Abbott.**

**Civ. A. No. 21596.**

United States District Court
E. D. Pennsylvania.

May 9, 1962.

Frank M. Jakobowski, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendants.

WOOD, District Judge.

■ This case was originally listed for trial in October, 1958. At that time, a pre-trial conference was held. Thereafter, no further proceedings were taken in the case. On October 6, 1961, the Clerk of the District Court filed a Notice of Dismissal for failure of prosecution under the authority of Local Rule 18. That Rule reads in part as follows:

"Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years * * * the Clerk shall send notice to counsel of record, or, if none, to the parties, that unless the Court, upon written application filed within thirty (30) days *from the receipt of such notice* and upon good cause shown shall otherwise order, the action shall be dismissed. * * *" (Emphasis supplied.)

On November 6, 1961, being thirty days from the date upon which the Notice of Dismissal was *filed*, the Clerk marked the case dismissed without prejudice. As can be seen from reading the quoted portion of the rule, the plaintiff has thirty days from the receipt of such notice in which to apply to the Court for an order that the case not be dismissed. Therefore, the Clerk acted prematurely in dismissing the case at bar exactly thirty days after the Notice of Dismissal was filed.

The record does not reveal when plaintiff's counsel or plaintiff received the Notice of Dismissal. However, plaintiff's present counsel states in his brief that plaintiff did not receive such notice until November 2, 1961. Counsel argues that the case should not have been dismissed until December 2, 1961, according to the provisions of Local Rule 18.

It is this technicality upon which plaintiff relies in support of the present motion to reinstate the case on the trial list. Perhaps this argument would have some merit had plaintiff acted with reasonable diligence upon receiving the Notice of Dismissal. However, no further action was taken in this case until February 2, 1962, when the present motion was filed. From the alleged date upon which plaintiff admittedly received the Notice of Dismissal—November 2, 1961—until February 2, 1962, a period of three months, plaintiff was content to sleep on his legal rights. In this situation, it makes no difference that the Clerk was premature in marking the case dismissed. Plaintiff was in no way prejudiced by that action of the Clerk.

■ We see no reason for creating an exception to the mandate of Rule 18 for this plaintiff. It is unfortunate that in this case the "dismissal without prejudice" will probably result in a dismissal with prejudice, since the statute of limitations has run on the cause of action. However, that was one of the purposes of Rule 18—to relieve the court's docket of cases in which plaintiffs were not sufficiently interested to take action for a period of two years.

## ORDER

And now, to wit, this 9th day of May, 1962, IT IS HEREBY ORDERED that the Plaintiff's Motion to Reinstate the Case on the Trial List is denied.